## 10740

HINSON ET UX. v. LANCASTER MERCANTILE CO.

(109 S. E. 118)

1. LANDLORD AND TENANT—EVIDENCE HELD INSUFFICIENT TO PROVE EXECUTION OF LEASE PROCURED BY DURESS.—In action by husband and wife to set aside wife's lease to husband's creditor on the ground of duress, evidence *held* insufficient to prove that wife was induced to execute lease by threats to prosecute husband for disposing of mortgaged property.

2. MORTGAGES—PAPER EXECUTED TO SECURE A DEBT IS IN THE NATURE OF A MORTGAGE.—Whatever may be its form, a paper executed to secure a debt is in the nature of a mortgage.

3.  MORTGAGES—LEASE, EXECUTED TO SECURE PAYMENT OF THE DEBT,
    IS IN THE NATURE OF MORTGAGE ENTITLING LESSOR TO AN AC-
    COUNTING.—Where wife executed a lease to husband's creditor
    to secure payment of husband's debt, the wife is entitled  to an
    accounting, the lease being in the nature of a mortgage.

Before McIVER, J., Lancaster, October, 1920.   Reversed
and new trial ordered.

Action by W. C. Hinson and Mary Hinson, his wife,
against Lancaster Mercantile Co.   Judgment for defend-
ant and plaintiffs appeal.

The evidence on the issue of duress consisted of the testi-
mony of the husband, the wife, and the daughter, who read
letters to her parents, that defendant had in letters to husband
threatened to prosecute him for selling mortgaged property
if he did not pay the balance of the debt, and husband's testi-
mony that an officer of defendant company had threatened
him in person with prosecution if he did not make some se-
curity for the balance and had proposed that wife give
defendant a lease as security.

The attorney who drew up the lease testified that no rep-
resentative of the defendant was present at the time of its
execution, and that no threats to prosecute the husband
were made to the wife at such time, and that she executed
the lease voluntarily.

*Mr. Harry Hines,* for appellant, cites:  *Declarations of
officer of corporation who is now dead are admissible in
action against corporation*: 14 S. C., 290; 3  S. C., 426;
9 S. C. 398. *Where threats have been used subsequent
acts are under duress until fear is removed*: 6 Am. St. Rep.,
866.  *Deed as a mortgage*: 92 S. C., 511. *Paper given to
stop a prosecution is void*: 101 S. C., 474; 18 S. C., 584; 44
S. C., 543; 56 N. Y., 462; 45 Am. St. Rep., 510; 6 A. & E.
Enc. L., 92, 93.

*Mr. John T. Green,* for respondent, cites:  *Note given
partly as compensation and partly to avoid prosecution is*

*not void*: 29 S. C., 122; 2 McMull, 356.   *Finding of Circuit Judge should be sustained unless against the preponderance of the testimony*:   44 S. C., 430; 44 S. C., 378; 55 S. C., 198; 56 S. C., 154; 67 S. C., 402; 83 S. C., 191; 92 S. C., 113.   *Duress such as to justify cancellation of a contract*: 2 Rich. L., 317; 29 S. C., 116; 30 N. J. Eq., 394; 6 A. & E. Enc. L., 60; 12 Pick. (Mass.), 14; 96 Ill., 301; 60 Barb., 80.

October 10, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action to set aside a lease of land belonging to the plaintiff, Mary Hinson, made in February, 1917, to the defendant, to continue to December 31, 1921.   This action was commenced July 26, 1919.   The plaintiffs claim that W. C. Hinson had dealings with the defendant; that the defendant notified the plaintiff, W. C. Hinson, that he still owed it a balance, and if he did not pay up the debt he would be indicted for selling property under lien; that Mary Hinson, his wife, was frightened by the threat and in consequence thereof made the lease sought to be set aside.   The plaintiff also asks for an accounting for rents and profits.   The case was tried before Judge McIver. Judge McIver said:   There are two questions:   (1)   Was the lease void for duress?   The duress was a threat of prosecution of the husband.   (2)   Should there be an accounting?

I. The finding of his Honor that the lease was not made under duress is fully sustained by the evidence, and this objection cannot be sustained.

II.   Is the appellant entitled to an accounting?   The respondent put up only one witness.   That witness testified:

"She understood from what I told her that she was signing them to secure the debt due by her husband to Lancaster Mercantile Company.

Whatever may be its form, a paper executed to 2, 3 secure a debt is in the nature of a mortgage, and the appellant is entitled to an accounting.

The judgment appealed from is reversed, and the case remanded to' the Court of Common Pleas for Lancaster County for the taking of the account between the parties.